**STATE, Appellee, v. LINDSEY, Appellant.**

Ohio Appeals, First District, Hamilton County.

No. 6557. Decided November 13, 1945.

Mr. Ira Stephenson, Cincinnati, for appellee.
Mr. Sol Goodman, Cincinnati, for appellant.

### OPINION

By ROSS, J.

Appeal from the Court of Common Pleas of Hamilton County upon questions of law.

The entry of that Court appealed from is in the following terms:

"This cause came on to be heard upon the affidavit of Thomas Lindsey and statements of counsel and was submitted to the Court.

"Upon consideration the court finds said affidavit not well taken and hereby orders that this proceeding be dismissed. To all of which Thomas Lindsey excepts."

It appears from the record that the defendant appellant was charged with the crime of assault and battery in an affidavit filed in the court of Frank Reed, Mayor of the Village of Lockland. That at the time a request was made for continuance in such mayor's court, the magistrate made certain remarks, which the defendant considered indicated bias and prejudice on the part of such magistrate against the defendant. The defendant filed an affidavit of bias and prejudice in the Mayor's Court.

Sec. 13433-19 GC, provides:

"When a magistrate or a judge of a court inferior to the

court of common pleas is interested in a cause pending before him, or is related to or has a bias or prejudice either for or against a party to such cause or to his counsel, or is otherwise disqualified to sit in such cause, on the filing of an affidavit of such party or his counsel, setting forth the fact of such interest, relationship, bias, prejudice or disqualification, the clerk of such court, or such magistrate shall enter the filing of such affidavit on the docket in said cause, and, forthwith notify the presiding judge, or the chief justice of the court of common pleas, or if there be no such officer, then a judge of the court of common pleas of such county, who shall proceed without delay to examine into said affidavit, and if he finds from all the evidence that such interest, relationship, bias, prejudice or disqualification exists, he shall designate another magistrate of the township or county, or another judge of said court or the court of common pleas to hear and determine said cause. Thereupon the judge or magistrate so designated shall proceed to try such cause. Such affidavit must be filed not less than twenty-four hours before the time set for the hearing of said cause, unless such filing be unavoidably prevented.

"This section shall apply to criminal and civil proceedings."

Pursuant to such provisions, the presiding judge of the Common Pleas Court of Hamilton county seems to have been notified of the filing of such affidavit, in fact an affidavit charging bias and prejudice against Mayor Reed appears among the original papers filed in the Court of Common Pleas. Whether it is the original affidavit filed in the Mayor's Court or a copy of same does not appear.

It will be observed, however, that the statute does not provide for the filing of such affidavit in the Court of Common Pleas, but only that **notice** of such filing shall be given the **presiding judge** of the Court of Common Pleas. There appears to be no provision for removing such affidavit from the trial court, the statute merely providing that the Common Pleas Judge in question "shall proceed without delay to examine into said affidavit."

The transcript of docket and journal entries for the Court of Common Pleas indicates procedure based upon an entire misconception of the procedure provided for in the section of the general code quoted supra. The proceeding in the transcript is designated:

"COURT OF COMMON PLEAS
HAMILTON COUNTY, OHIO
NO. A-91104

| STATE OF OHIO | ) | January Term, 1945. |
| Plaintiff | ) | 1/25/45 Appeal from Frank Reed |
| v. | ) | Mayor of Lockland, Ohio |
| THOMAS LINDSEY, | ) | Action for Appeal. |
| Defendant. | ) | Fees taxed in costs." |

Now, certainly, this, whatever else it might be, was not an "Action for appeal" from the Mayor's Court.

Nor does there appear in the statutes any provision for filing the affidavit or anything else in the Court of Common Pleas. A mere notice to a Common Pleas Judge is all that is mentioned. Actions and proceedings in the Common Pleas Court are instituted by a filing with the Clerk of that Court. The final action provided for in the statute by the judge merely refers to a situation where the "judge" finds bias and prejudice to exist. There is no provision for action where no bias and prejudice is found to exist. Presumably, the justice or trial judge would be notified by the judge of the Court of Common Pleas that no bias or prejudice had been found and trial would proceed in the original court.

The question is: Does the action of the Judge of the Court of Common Pleas in his finding that no bias and prejudice existed in the magistrate constitute a judgment or final order of the Court of Common Pleas? If it does not, then this Court has no jurisdiction, and there is no appeal on questions of law to this Court, and such appeal should be dismissed.

No statute can be considered as increasing the jurisdiction of this court upon appeals upon questions of law from the Court of Common Pleas. **Eastman v State of Ohio, 131 Oh St 1.**

If the Constitution does not give the court jurisdiction to review the action of the Judge of the Court of Common Pleas, this Court has no such jurisdiction.

The Constitution limits consideration by this Court to judgments (or by interpretation) final orders of Courts of record.

Nowhere is there found in the Constitution provision for appeals to this Court from the action of an individual judge not entering a judgment or final order of the Court of Common Pleas.

It is claimed, however, that the action of the Common Pleas Judge in the instant matter is the action of the Court of Common Pleas. The case of **Duncan v State, ex rel Brown, 82 Oh St 351,** is cited in support of this contention. That was a case where the relator had filed an affidavit of bias and pre-

judice in the **Court of Common Pleas** of Wyandot county, charging that the judge assigned to try her case was influenced by bias and prejudice, and, therefore, disqualified to sit and hear and determine her case. The affidavit was duly filed and the defendant, supervising judge, refusing to assign another judge, an action in mandamus was filed in the Circuit Court of Hancock County. The relator having stated her case, the defendant filed an answer alleging the affidavits were insufficient in law, that the defendant had a discretion to disqualify the trial judge, which discretion he had exercised, that he found no bias and prejudice after full hearing, that the statute providing for assignment was unconstitutional. The demurrer of the relator to the answer of the supervising judge was sustained and a writ of mandamus issued. The finding of the Supreme Court is found in the syllabus:

"The affidavit setting forth the fact of disqualification of a judge, as provided in Section 550, Revised Statutes, is not conclusive proof of the disqualification, and the supervising judge is, by said section and Section 469, Revised Statutes, invested with a judicial discretion to require additional information satisfactory to him, regarding such disqualification."

And at page 356 of the opinion, the Court say:

"Section four hundred and sixty-nine provides that when the supervising judge receives 'satisfactory information' that by reason of illness or 'other disability' a common pleas judge is unable to perform his duty, he shall assign another judge for that duty. Now taking these two sections together, it is clear that two things must concur before the supervising judge is authorized to appoint another judge: first, the actual fact of interest, relationship, bias or prejudice, or other disqualification must exist and second, he must have satisfactory information of that fact. That is, the information which authorizes the supervising judge to designate another judge, must be of such a nature as to satisfy him that the disqualification really exists and is not a subterfuge. The affidavit is, at best, no more than prima facie evidence of the fact. The supervising judge may accept it and act upon it if he chooses to do so; but if, for any reason, he feels that further evidence of the disqualification is desirable, it is not only his privilege but his duty to require it. He is therefore invested with a judicial discretion which cannot be controlled by a writ of mandamus.

"We adopt the construction of the statute the more readily,

because, if the affidavit be taken as final and conclusive, it would raise a more serious question as to whether the legislature has overstepped constitutional limits, and it cannot be lightly assumed that it intended to do so."

Certainly, nowhere in the opinion or syllabus is there anything to support the contention of the defendant in the Mayor's Court.

The case of **State, ex rel. Hogan, v Hunt, 84 Oh St 143**, has also been read with the result that the opinion and syllabus are authority for the proposition that the position of the "supervising judge" of the Common Pleas Court is not an office separate and apart from that of Judge of the Common Pleas Court and, therefore, is not subject to attack by quo warranto. In the opinion, however, it is stated at page 148 thereof:

"In giving construction to the statute it must be borne in mind that the policy of this state, as shown by its general legislation under the present constitution, while it has in a few instances imposed additional ministerial duties on judges of the court of common pleas, has been not to impose the burden of making appointments to office upon such judges."

In **State, ex rel. Hawke, v LeBlond, etc., 108 Oh St 126**, the first paragraph of the syllabus is:

"In any county in Ohio, where more than one judge of the court of common pleas holds office, the 'court of common pleas' of such county may be constituted by one or more of the common pleas judges holding office in that county, and the judges so holding office have unlimited discretion to determine the number of judges who shall preside over any session of such court."

In the opinion by Marshall, C. J., it is stated in the opinion, page 132:

"It cannot be doubted that by these statutes the Ohio Legislature has recognized the distinction between courts and judges. It is apparent, however, that no artificial or unusual distinctions are made, but, on the contrary, they are in perfect harmony with the distinctions recognized throughout English and American jurisprudence.

"The court is a tribunal organized for the purpose of ad-

ministering justice, while the judge is the officer who presides over that tribunal.

"The term 'court' and 'judge' are sometimes used interchangeably and synonymously, but they are never technically the same in meaning.

"A court is an incorporeal, political being, composed of one or more judges, who sit at fixed times and places, attended by proper officers, pursuant to lawful authority, for the administration of justice. It is only when a court is in session thus regularly constituted that it may lawfully perform its fixed and permanent functions, and it is in this sense that the term 'court of common pleas' is used in §1707 GC. On the other hand, by the provisions of §11869 GC, and other sections, the Legislature under authority of **Sec. 4 and 18, Art. IV of the Constitution,** has conferred upon 'judges' as well as courts, certain power and authority in provisional matters, but by reference to those statutes it will be found that they are of a temporary and emergent nature, which may not always await the fixed, open session of the court.

"All the sections referred to, conferring authority upon a 'judge,' will be found to relate to provisional remedies to permit action of an emergent nature at times when the court is not in session."

Sec. **120 GC**, in dealing with the appointment of notaries public, provides:

"Before the appointment is made, the applicant shall produce to the governor a certificate from a judge of the common pleas court, court of appeals, or supreme court, that he is of good moral character, a citizen of the county in which he resides, and (,) if it be the fact (,) that applicant is an attorney-at-law duly qualified and admitted to practice in this state, and possessed of sufficient qualifications and ability to discharge the duties of the office of notary public. No judge shall issue such certificate until he is satisfied from his personal knowledge that the applicant possesses the qualifications necessary to a proper discharge of the duties of the office, or until the applicant has passed an examination under such rules and regulations as the judge may prescribe. If the applicant is admitted to the practice of law in this state, this fact shall also be certified by the judge in his certification."

Could it be seriously contended that the certificate provided for, signed by a Judge of the Court of Common Pleas was a judgment or final order of that Court; or, if the certi-

ficate signed by a Judge of the Court of Appeals that such certification constituted an official act of the Court?

Sec. 11194 GC, provides that a Judge of the Court of Common Pleas may issue a marriage license to the Probate Judge of the county. Is this a judgment of the Court of Common Pleas?

In §1558-45 GC, the character of a Judge of the Municipal Court, when acting as a part of that court and individually performing extraordinary duties is set forth:

"Any judge of the municipal court of Cincinnati, including the presiding judge, shall have power to exercise the jurisdiction and authority vested in said municipal court of Cincinnati, and shall also have jurisdiction and authority to administer all oaths or affirmations authorized or required by law to be administered; to take the acknowledgments of deeds, mortgages and other instruments of writing; and to solemnize marriages. All fees for administering oaths and affirmations, taking acknowledgements and for solemnizing marriages, earned by any municipal court judge by virtue of this section, when not connected with any court or proceeding pending in the municipal court, shall be collected by and belong to the judge so earning said fees."

It can not be again supposed that when such judge takes the acknowledgment to a deed or solemnizes a marriage he is thereby entering any final judgment of the Municipal Court of Cincinnati.

Secs. 1526-1528 GC, provide that the Chief Justice of the Court of Appeals may assign a judge of that Court to a district other than his own when an application is made either by a Judge of the Court of Appeals, to be relieved from duty, or by a Court of Appeals for the assignment of a judge or judges to their district. Could the action of the Chief Justice of the Court of Appeals be considered a final order of his own court or any other court?

Sec. 1528 GC, provides for hearing by the Chief Justice of the Supreme Court of charges of bias and prejudice, after the filing of affidavits of bias and prejudice in the Court of Appeals against a Judge thereof. Again, can such action be considered a final order or judgment of the Supreme Court of Ohio? This section differs from §13433-19 GC, in that it provides that the decision of the Chief Justice shall be entered upon the journal of the Court of Appeals. Does this provision make the decision of the Chief Justice an act, final order, or judgment even of that Court of Appeals?

The statute here in question provides for an inquisition into the attitude of the magistrate by a judge of the Common Pleas Court. Primarily such duty rests upon the presiding judge or Chief Justice of such court. If there be no such judge so qualified, then, secondarily, upon a judge of the Common Pleas Court.

It seems manifest that from such provisions it was intended to impose upon such judge a duty in addition to those incumbent upon him by reason of his membership in the Court of Common Pleas. Such duty, while judicial in character, is distinct and separate from the duties of such judge while presiding over the Court. In this latter character, he is an integral part of the court. In the former capacity, he acts merely as an inquisitor into the conduct and attitude of the magistrate.

Nowhere in the constitution or statutes appears any provision for an appeal to this court from the final action of the judge of the Court of Common Pleas upon the affidavit charging bias and prejudice.

The Court of Common Pleas Judge is only required to act. When he does so, his conclusion is final. That conclusion is not and cannot be characterized as a final order or judgment of the Court of Common Pleas.

The appeal in the instant case is dismissed for the reasons given.

HILDEBRANT, P. J., MATTHEWS and ROSS, JJ., concur in syllabus, opinion & judgment.