**KNIES, M. D., Plaintiff-Appellee, v. REISS, Defendant-Appellant.**

Ohio Appeals, Tenth District, Franklin County.

No. 5422.   Decided October 16, 1958.

Elliott, Hilliard & Martin, Paul W. Martin, of Counsel, Columbus, for plaintiff-appellee.

Emile Reiss, Columbus, for defendant-appellant.

(GRIFFITH, PJ, of the Seventh District; YOUNGER and GUERNSEY, JJ, of the Third District, sitting by designation in the Tenth District.)

## OPINION

By GRIFFITH, PJ.

JUDGE GRIFFITH: In the case Number 5422, in this Court, designated as Phillip T. Knies,.M. D. against Emile M. Reiss, Defendant-Appellant, the Defendant-Appellant has this morning filed a motion challenging the jurisdiction of this visiting Court to hear and determine the matters that are presented in the Notice of Appeal. We have considered the matter of jurisdiction of this Court to hear and determine the issues and have determined that the Motion should be overruled, finding that this Court has full and complete jurisdiction to hear and determine the matters contained in the Appellant's Notice of Appeal.

That being the case, the Appellant may now proceed, as though no motion challenging jurisdiction of the Court had been made.

MR. REISS: May I, on the record, with the Court's permission, note exceptions and we rest on our position that this Court doesn't have jurisdiction and, of course, it may be incumbent upon a higher tribunal to rule on that question. We prefer to remain silent on other matters concerned in this case and I still renew my request to file a brief at least to perfect the record for the higher Court. May I do so?

JUDGE GRIFFITH: This Court has no objection to your filing a brief, although it will—

MR. REISS: Thank you.

JUDGE GRIFFITH:—not be considered by this Court.

MR. REISS: I would like it of record though.

JUDGE GRIFFITH: We have passed on the matter.

MR. REISS: Thank you kindly.

JUDGE GRIFFITH: Now, the matter of this Appeal is before us without the argument of counsel for the Appellant. He, however, has filed a brief in the case and we have considered fully and carefully the contents of that brief before we came onto the Bench this morning. We have considered the Notice of Appeal, the record of the case as it stands right today, and it is our conclusion, gentlemen, that the Appellant is in this Court without a final appealable order, either as to the judgment of the Municipal Court of Columbus, or the Court of Common Pleas of Franklin County.

The Plaintiff filed his action against the Defendant-Appellant for a doctor bill of $215.00 in the Municipal Court. No judgment has ever been entered or had on that claim. It is unadjudicated.

As soon as the Plaintiff filed his action for account the Defendant filed a motion for a change of venue, I believe, from the Municipal Court. The Municipal Court overruled that motion. The Defendant-Appellant then filed an affidavit of prejudice against the Judges of the Municipal Court of Columbus and pursuant to statute, Notice of that affidavit— but in this case I think the affidavit itself was transferred to Judge Bartlett, the Presiding Judge of the Court of Common Pleas. After consideration Judge Bartlett found that there was no prejudice or passion on the

part of any of the Municipal Judges to hear the matter, although he suggested, I believe, that one of the two Visiting Judges from outside the City, who were holding Court here, perhaps should hear the matter.

Now, the Appellant is before this Court this morning appealing from Judge Bartlett's decision finding that there was no prejudice, and an anomalous situation, also appealing from the Municipal Court Judges finding that there should be no change of jurisdiction. It is sort of a double barreled appeal from the Judgment of the Municipal Court and a Judgment of the Common Pleas Court. However, I think that is wholly immaterial. Neither one of those rulings or judgments are final in any sense of the word. They are merely incidental to the progress of a case preparatory to a judgment, whatever that judgment may be.

In **60 Oh St 256,** at **Page 259, Paragraph 5,** the Supreme Court said that an order refusing to grant a change of venue is not a final order and, therefore, not appealable. This does not determine the action nor prevent a judgment. The motion for change of venue relates merely to the trial of the main cause of action, and the entry does not accomplish anything further than to determine the Court in which the case shall be tried. The presumption of law is that any Court in this State will give a fair and impartial trial. Every litigant is entitled to a fair and impartial trial.

Then we have, regarding the other aspect of this Appeal, the well rendered opinion in **77 Oh Ap 191,** which was decided in 1945:

"A finding by the presiding judge of the Court of Common Pleas [in our case it was Judge Bartlett—the late Judge Bartlett] that the charge of bias and prejudice set forth in an affidavit filed in a mayor's court is not sustained, is not a final order of the Court of Common Pleas from which an appeal on questions of law may be taken to the Court of Appeals." (Material in bracketts added.)

The Judge acts as an investigator. It is not a final judgment of a Court.

That being the case, the judgment of this Court this morning is that the Appellant's appeal is dismissed at Appellant's cost, for the reason that the appeal is not based upon any final appealable order.

MR. REISS: May it please the Court, may I again note exceptions on the record?

JUDGE GRIFFITH: You may.

MR. REISS: Thank you.

- - -

(The above and foregoing were all of the proceedings had on the hearing of this matter.)

- - -

YOUNGER and GUERNSEY, JJ, concur.