THE STATE OF OHIO, APPELLEE, *v.* OLIVER ET AL., APPELLANTS.

(No. 27117—Decided May 20, 1965.)

*Mr. Edward Cain* and *Mr. Thomas Italiano,* for appellee.
*Mr. Stanley E. Tolliver,* for appellants.

*Per Curiam.* On April 7, 1964, at Saywell Avenue and Lakeview Road in Cleveland, Ohio, on or near the site of a new school building under construction, a group of people, estimated variously from five hundred to twenty-three hundred, gathered. This group sought to protest the construction of the school at this location. A large force of police was on hand to maintain order. The police officers, finding it necessary to disperse the crowd in order to maintain the peace and permit the orderly continuation of the construction of the school, ordered the crowd to disperse. The defendants resisted the dispersal order and as a result were taken into custody and charged with disturbing the peace under the provisions of Section 2923.41, Revised Code.

They were later tried and found guilty of the violation of that section.

An affidavit of prejudice, pursuant to the provisions of Section 2937.20, Revised Code, was filed by the defendants herein against the judge of the Cleveland Municipal Court to whom the cases were assigned for trial. A hearing was had as provided by such statute before the Chief Justice of the Court of Common Pleas of Cuyahoga County. The finding of that court was that no bias or prejudice existed in the Municipal Court judge.

At the opening of the trial in the Cleveland Municipal Court, the defendants renewed their motion to have the cases transferred for trial to another judge on the basis of bias and prejudice on the part of the judge to whom the cases were assigned. This question had been passed on by the Chief Justice of the Common Pleas Court in the hearing on the affidavit of prejudice. Nevertheless, as part of the evidence in the defendants' cases in the Municipal Court trial, there was presented and admitted, with the consent of the court, a partial question and answer transcript of the hearing on the affidavit of prejudice in the Court of Common Pleas. Defendants' motion that the trial judge disqualify himself was renewed before resting their defenses. These motions were overruled by the trial judge.

The defendants raise the following assignments of error:

1. That the court denied the defendants' motion for separate trials.

2. That the court denied the defendants' request for a bill of particulars.

3. Abuse of discretion on the part of the trial court.

4. The refusal of the court to disqualify itself from hearing these particular cases although it was obvious (to the defendants) that the court was prejudiced against the defendants.

5. That the verdict is not sustained by the evidence and is contrary to law.

6. The denial of the defendants' constitutional rights for a fair and impartial trial.

7. Errors of law appearing in the trial to which objections were made by defendants at the time.

8. Other errors of law appearing during the progress of the trial and apparent on the face of the record.

It is our holding that these defendants were not entitled to separate trials under the facts in this case and that there was no error on the part of the trial court in overruling defendants' motions for separate trials.

Concerning assignment of error number two, the affidavits naming the defendants in this case set out clearly and specifically the nature of the charge against each defendant, and the action of the court in overruling defendants' request for a bill of particulars was not erroneous.

A careful examination and consideration of the entire record discloses that there is no basis for the claim of abuse of discretion on the part of the trial judge.

It is urged in assignment of error number four that the court erred in not disqualifying itself "from hearing these particular cases although it was obvious (to the defendants) that the court was prejudiced against the defendants." As pointed out, *supra,* this claim of prejudice was passed upon after a full hearing by the Chief Justice of the Court of Common Pleas with a finding that no bias or prejudice existed on the part of the judge in question. This finding is final but is not a final order from which an appeal may be taken. There is no constitutional or statutory provision under Ohio law for an appeal to this court from such finding. See *State* v. *Lindsey,* 77 Ohio App. 191. See, also, *Knies* v. *Reiss,* 80 Ohio Law Abs. 318, and *White* v. *Hicks,* 118 Ohio App. 56. We find absolutely nothing in the record of this trial tending to sustain this assignment of error.

Assignment of error number five relates to the sufficiency of evidence to support the conviction of the defendants. Upon repeated reading and consideration of the bill of exceptions, we find ample evidence to support the judgment of the trial court as to each defendant. It is our holding that each of the defendants received a fair and impartial trial in accordance with the Constitution and laws of Ohio. It is also our holding that substantial justice has been done to each defendant as shown by the record of the proceedings, and the judgment in each case.

We find no basis for the other claims of error.

The judgment is affirmed as to each defendant.

*Judgment affirmed.*

SILBERT, C. J., CORRIGAN and WASSERMAN, JJ., concur.