CITY OF CLEVELAND, APPELLEE, *v.* WHITE PROPERTIES, INC., APPELLANT, ET AL.

(No. 49601 — Decided October 15, 1985.)

*Janet Burney,* assistant director of law, for appellee.

*Milt Schulman,* for appellant.

KRUPANSKY, J. Plaintiff, the city of Cleveland, on January 10, 1984, filed a complaint for appropriation against defendants, White Properties, Inc., Francis E. Gaul, County Treasurer, and Timothy McCormack, County Auditor. On January 26, 1984, defendants Gaul and McCormack filed a joint answer; defendant White Properties, Inc. filed its answer on February 1, 1984. Following several preliminary hearings, trial was set for May 14, 1984. On May 14, 1984, trial was continued until July 2, 1984.

On June 26, 1984, the attorney for defendant White Properties, Inc. filed an affidavit of bias and prejudice requesting Judge Skok be removed from the case *sub judice.* Consequently, on July 2, 1984, the case was continued indefinitely. The Chief Justice of the Ohio Supreme Court found defendant's affidavit of prejudice was without merit and ordered it dismissed in a journal entry filed July 27, 1984.

On September 14, 1984 at pretrial conference, the trial court set the case for trial on November 5, 1984 and made the following entry:

"Be it known that no set of circumstances involving the court, the parties or attorneys shall constitute sufficient reason to further delay the trial of this matter. No continuances or delays shall be permitted for any cause including, but not limited to, illness or unavailability of counsel, parties or witnesses, or conflicting trial obligations."

Counsel for defendant White Properties, Inc. filed a second affidavit of prejudice and bias against Judge Skok

on October 31, 1984. Nevertheless, the trial proceeded on November 5, 1984 with a verdict being rendered thereafter in the favor of the plaintiff. In a communication from the Chief Justice filed November 9, 1984, the second affidavit was denied consideration; the communication read:

"Inasmuch as an affidavit of prejudice filed against Judge Fred V. Skok previously in the above-styled cause was found to be not well taken and dismissed on July 23, 1984, the purported affidavit of prejudice filed against Judge Fred V. Skok in the same case by the same affiant on October 31, 1984, will not be considered.

"The affidavit, herewith being returned and the cause may proceed."

The verdict of the jury in favor of the plaintiff was reduced to judgment by the trial judge on November 14, 1984. Defendant filed a timely appeal.

Appellant raises two assignments of error on appeal; they are as follows:

"The trial court erred in going forward with the trial after an affidavit of bias and prejudice had been filed and no ruling had been made by the Chief Justice of the Ohio Supreme Court.

"The trial court erred in trying the case when no hearing was held by the Chief Justice of the Ohio Supreme Court in order for him to determine whether the trial court was bias [sic] and prejudiced against the party."

Since both assignments of error deal with the question of whether the trial court erred in proceeding to hear the case prior to receiving the Supreme Court's ruling on appellant's second affidavit of prejudice and bias, they will be discussed together. Appellant's assignments of error are not well-taken.

The law in Ohio is well established: Once a party files an affidavit of prejudice, the trial judge does not have the power to proceed with the case until the Chief Justice of the Supreme Court has ruled on the affidavit. *Cuyahoga County*

*Bd. of Mental Retardation* v. *Association* (1975), 47 Ohio App. 2d 28 [1 O.O.3d 168]; *Walker* v. *Stokes* (1977), 54 Ohio App. 2d 119 [8 O.O.3d 237]. However, the unique fact pattern in the case *sub judice* warrants special consideration. In the case *sub judice,* appellant's attorney, on June 26, 1984, filed an affidavit of prejudice. Accordingly, after the filing of this first affidavit of prejudice, the trial court continued the case indefinitely. Thereafter, the Supreme Court found the affidavit to be meritless. Thus, the trial court again set the case for trial. Shortly before the next trial date, the same attorney again filed substantially the same affidavit of prejudice against the same judge in the same case when nothing had occurred in the case between the ruling on the first affidavit and the filing of the second affidavit except the setting of a new trial date.

The following language used by this court in *Shaker Heights* v. *Von Uhlenhorst-Ziechman* (Dec. 27, 1984), Cuyahoga App. No. 48922, unreported, at page 4, which also arose out of the filing of an affidavit of prejudice and bias, although addressing a different question, is pertinent to the case *sub judice*:

"To permit the appellant to avail himself of this method of delaying action [filing affidavits of prejudice] in an appropriation case which is the subject matter of expedited proceedings is to make a mockery of the judicial system. Any attorney, by filing repeated affidavits of bias without the slightest foundation for such assertions could prevent the trial of issues while simultaneously maintaining that his client's claims are being unduly delayed. * * * " (Footnote omitted.)

Similarly, to permit an attorney to repeatedly file frivolous affidavits of prejudice would provide the attorney with an easy means of delaying trial.

For the above reasons, this court holds: Where an attorney files a second affidavit of prejudice which is substan-

tially the same as the first, against the *same* judge in the *same* case after the Supreme Court has denied the first affidavit and there has been no change in the status of the case from the time of the ruling on the first affidavit to the time of the filing of the second affidavit, except for the setting of a new trial date, the trial court has the power to proceed to trial prior to receiving the Supreme Court's ruling on the second affidavit. To hold otherwise under this specific fact situation would encourage attorneys to utilize affidavits of prejudice as a tactic to delay trial. The Rules of Civil Procedure were promulgated to promote the efficient goals of justice and should not be corrupted to suit the purposes of attorneys to defeat these goals for their own convenience.

Appellant's assignments of error are overruled.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

ANN MCMANAMON, P.J., and PATTON, J., concur.