IN RE DISQUALIFICATION OF SWEENEY: THE STATE OF OHIO *v.* KWIATKOWSKI, A.K.A. FLOWERS.

[Cite as In re Disqualification of Sweeney (1987), 36 Ohio St. 3d 602.]

(No. 87-AP-256—Decided October 30, 1987.)

MOYER, C.J. The allegations contained in the affidavit of disqualification filed by defendant Stanley Kwiatkowski against Judge James D. Sweeney in case No. CR 207297 in the Court of Common Pleas of Cuyahoga County are insufficient to sustain a finding of bias or prejudice.

Further, the allegations are substantially the same as those filed in a previous affidavit in this same case, which was dismissed by entry dated September 8, 1987 (No. 87-AP-195).

Trial of this case is scheduled for November 2, 1987, less than one week from the filing of this latest affidavit. To permit a party to repeatedly file affidavits of disqualification would provide that party with an easy means of delaying trial. *Cleveland* v. *White Properties, Inc.* (1985), 28 Ohio App. 3d 37, 28 OBR 47, 501 N.E. 2d 1231.

For these reasons, the affidavit of disqualification is found not well-taken and is hereby dismissed.

IN RE DISQUALIFICATION OF KIMMEL: BENDNER ET AL. *v.* CARR.

[Cite as In re Disqualification of Kimmel (1987), 36 Ohio St. 3d 602.]

(No. 87-AP-196—Decided November 23, 1987.)

MOYER, C.J. The affidavit of disqualification filed in the above-captioned case seeks to disqualify Judge Edward R. Kimmel from presiding over the retrial of case No. 85-CV-325 in the Court of Common Pleas of Greene County, after reversal and remand by the Court of Appeals for Greene County.

A trial judge's opinions of law, even if erroneous, are not by themselves evidence of bias or prejudice and thus are not grounds for disqualification. *State* v. *Baker* (1984), 25 Ohio Misc. 2d 11, 25 OBR 232, 495 N.E. 2d 976. It follows that a judge may preside over the retrial of a case even if that judge's rulings of law were reversed on appeal.

For this reason, the affidavit of disqualification is found not well-taken and is dismissed.