IN RE DISQUALIFICATION
OF KIMBLER.

(No. 1670 — Decided
September 7, 1988.)

*Norman E. Brague,* law director, for appellee.
*Robert Schultz,* for appellants.

GEORGE, J. On December 30, 1987, a common pleas judge denied each appellant's application to disqualify Judge James L. Kimbler, a municipal court judge, under R.C. 2937.20, from presiding over his or her misdemeanor case. Attorney Robert Schultz represented each of the seven appellants, named as defendants and charged with various traffic and criminal offenses. An appeal was taken and a motion to dismiss the appeal was filed by the prosecution, contending that the common pleas judge's ruling is not a final appealable order.

The issue this court must first address is whether a ruling by a common pleas judge, made pursuant to the disqualification statute, is a final order and, hence, appealable. R.C. 2937.20 provides:

"When a * * * judge of a court inferior to the court of common pleas * * * has a bias or prejudice either for or against * * * counsel, * * * on the filing of an affidavit of * * * counsel, setting forth the fact of such * * * bias, prejudice, or disqualification, the clerk or deputy clerk of such court * * * shall enter the filing of such affidavit on the docket in said cause, and, forthwith notify the presiding judge, or the chief justice of the court of common pleas, * * * who shall proceed without delay to examine into said affidavit, and if he finds from all the evidence that such * * * bias, prejudice, or disqualification exists, he shall designate * * * another judge of said inferior court * * * to hear and determine said cause. The judge * * * so designated shall proceed to try such cause. Such affidavit must be filed not less than twenty-four hours before the time set for the hearing of said cause, unless such filing is unavoidably prevented. This section applies to criminal and civil proceedings."

It is apparent from examining the language of the statute that the only filing necessary, within an R.C. 2937.20 procedure, is the affidavit of prejudice. This filing is required to be made in the municipal court case and it becomes a part of that case.

Once filing has been accomplished, the presiding judge of the common pleas court is notified by the municipal court clerk of the filing. This triggers an intervening procedure by a common pleas judge and the municipal judge is "without authority * * * to proceed," pending a ruling on the affidavit. See *Wolf* v. *Marshall* (1929), 120 Ohio St. 216, 219, 165 N.E. 848, 849, cited in *Cuyahoga Cty. Bd. of Mental Retardation* v. *Association* (1975), 47 Ohio App. 2d 28, 35, 1 O.O. 3d 168, 173, 351 N.E. 2d 777, 783, and *State, ex rel. Lomaz,* v. *Court of Common Pleas of Portage Cty.* (1988), 36 Ohio St. 3d 209, 210, 522 N.E. 2d 551, 553, fn. 2.

The *Wolf* court dealt with R.C. 2701.03, the procedure to disqualify a common pleas judge. This statute has been subsequently amended and now provides that the disqualification of a common pleas judge is to be ruled upon by the Supreme Court, rather than the court of appeals. The substance of the statutory change was directed to which court would decide whether a particular common pleas judge was disqualified from hearing a particular case. The amendment did not affect that legal principle established in the *Wolf* case dealing with the need to stay the proceedings pending a disqualification ruling.

Each case cited, *Wolf, Cuyahoga Cty. Bd. of Mental Retardation,* and *Lomaz, supra,* concerns the authority of the common pleas judge to proceed while an affidavit of prejudice is pending. However, the reasons compelling a stay in those cases are equally valid when the affidavit of prejudice is filed against a municipal judge.

The case of *Cleveland* v. *White Properties, Inc.* (1985), 28 Ohio App. 3d 37, 28 OBR 47, 501 N.E. 2d 1231, further supports this conclusion. Finding that the facts presented were unique, the *White Properties* court held that after an affidavit of prejudice was filed, ruled upon and denied, the trial judge had the power to proceed to trial without awaiting a ruling from the Supreme Court on a subsequent affidavit of prejudice. In that case, a second affidavit of prejudice was filed against the same judge, in the same case, reciting substantially the same facts, and without any changes which might warrant a different result. The *White Properties* procedure was approved by Chief Justice Moyer in the case of *In re Disqualification of Sweeney* (1987), 36 Ohio St. 3d 602, 522 N.E. 2d 456.

The only statutory direction given to the common pleas judge is that the affidavit of prejudice must be examined without delay. The affidavit of prejudice remains a municipal court matter even though the common pleas judge may choose to use common pleas court facilities to hear and determine whether the affidavit has any merit. Once the common pleas judge has decided the disqualification issue, the matter proceeds in the municipal court routinely.

Should the common pleas judge find that the affidavit has merit, the disqualification of the assigned municipal judge will be entered in the case, and the common pleas judge is to name a successor judge to preside over the matter. Should the common pleas judge find that the affidavit is without merit, the matter proceeds before the original assigned judge.

Nowhere in the statute is there a suggestion that the hearing on the affidavit of prejudice is a separate and distinct procedure apart from the original action. While the procedure is

provided for specifically by statute, it cannot be deemed to be anything other than a proceeding within the same case, albeit somewhat unique. See *State* v. *Lindsey* (1945), 77 Ohio App. 191, 45 Ohio Law Abs. 78, 32 O.O. 497, 66 N.E. 2d 256.

Because the original action and the disqualification action are procedures within the same case, they are subject to a single appeal. The record from the disqualification procedure should form a part of the municipal court record. Clearly, counsel could ensure the appealability of the disqualification proceeding by filing a motion to include the record, generated by the R.C. 2937.20 proceeding, within the original case. This was done in the case of *State* v. *Oliver* (1965), 2 Ohio App. 2d 224, 31 O.O. 342, 207 N.E. 2d 571.

Justice calls for the orderly flow of litigation and speedy trials. See 2945.71 to 2945.73. Anything which impedes the natural flow of a case hinders the search for the truth. Appeals at various interlocutory stages of a case or interminable delays caused by procedural inquiries protract the litigation and defeat the purpose of the speedy trial requirements. Justice is frustrated by the passage of time causing the witnesses to lose their memories and to become dispersed or whereabouts unknown. Once an affidavit of prejudice is filed, the matter is stayed until a determination as to its merits is made. It would create an additional burden upon the justice system to permit appeals to be processed from the disqualification ruling at an interlocutory stage of the criminal proceeding.

Thus, this court holds that an affidavit of prejudice, filed under R.C. 2937.20, is similar to a motion brought in the original municipal court action. It is part of the original action. An appeal may be brought from the final disposition of the municipal court criminal case which could also include the propriety of the decision rendered in the disqualification procedure.

This appeal is dismissed.

*Appeal dismissed.*

BAIRD, P.J., concurs.

QUILLIN, J., concurs separately. I agree that there is no immediate appeal when the presiding judge does not find grounds for disqualification. I also agree that this may be an assignment of error on direct appeal from a conviction and, if disqualification is demonstrated by the record, may be grounds for reversal. Having said that, and having determined that this appeal should be dismissed, we should say no more.

I am not yet convinced that the mere filing of an affidavit of prejudice necessarily divests the trial judge of authority to proceed. See *Cleveland* v. *White Properties, Inc.* (1985), 28 Ohio App. 3d 37, 28 OBR 47, 501 N.E. 2d 1231. The fifty-nine-year-old *Wolf* case relied on by the majority was based on a statute since amended. While the undoubtedly better practice is for the challenged trial judge to refrain from substantive acts until the charge of prejudice is resolved, and it may be an abuse of discretion not to refrain, I am loath to place in the hands of a litigant the unrestricted power to obstruct judicial proceedings. In any event, there is no need in this case to say anything on the subject, and we should resist the urge to speak.