Plaintiff-appellant Thomas L. Robinson appeals the January 22, 1998 Judgment Entry of the Canton Municipal Court granting defendants-appellees Prudential Insurance, et al.'s Motion for Continuance of Trial, and the January 22, 1998 Judgment Entry overruling his motions to disqualify Magistrates Taryn L. Heath and Lemuel R. Green.[1]
 STATEMENT OF THE FACTS AND CASE
On January 5, 1998, appellant filed a small claims complaint in Canton Municipal Court naming the Prudential Insurance Co. and its Vice President, Melody McDaid, as defendants. Also on January 5, 1998, appellant filed motions to disqualify Magistrates Taryn L. Heath and Lemuel R. Green. Both motions alleged the magistrates had conflicts of interest which precluded their conducting fair and impartial hearings.
The trial court scheduled the trial in this matter for January 27, 1998. On January 16, 1998, appellees requested a continuance of the trial due to appellee's counsel's unavailability.[2] Via Judgment Entry dated January 22, 1998, the trial court granted appellee's motion and rescheduled the hearing for February 10, 1998, before Magistrate Green. Via Judgment Entry also dated January 22, 1998, the trial court overruled appellant's motions to disqualify Magistrates Heath and Green. On January 26, 1998, appellant filed a Notice of Appeal relative to the January 22, 1998 judgment entries.
Magistrate Green conducted a hearing on February 10, 1998. His report reflects appellant appeared for the hearing and appellees appeared through their counsel. Magistrate Greene rendered judgment in appellees' favor. On February 13, 1998, appellant filed objections to the magistrate's report. In his objections, appellant asserted he did not appear at the hearing, contrary to the magistrate's report, because of the pending appeal. Via Judgment Entry dated February 17, 1998, the trial court overruled appellant's objections, and approved and adopted the magistrate's report.
Appellant assigns as error:
 I. (DID) MAGISTRATE/LEMUEL RAMSEY GREEN ENTERTAIN A CONFLICT OF INTEREST AGAINST THE PLAINTIFF/APPELLANT THOMAS L. ROBINSON, IN NOT RESCUSING [SIC] HIMSELF IN (2) OF (3) CASES THAT WERE AND ONE PENDING BEFORE (GREEN) FILED (01-05098)[SIC]. IN ROBINSON VS. PRUDENTIAL INSURANCE/VP/MELODY McDAID.
 II. (DID) MAGISTRATE/LEMUEL RAMSEY GREEN ERROR AS WELL AS HIS SUPERVISORS: MARY A. FALVEY AND JOHN A. POULOS IN ALLOWING CASE: # (98-CVI-0015), ROBINSON VS. PRUDENTIAL INSURANCE/VP/MELODY McDAID, TO BE HEARD ON (02-10-98) WHEN ON (09-26-98) PLAINTIFF-APPELLANT/THOMAS ROBINSON, FILED A NOTICE OF APPEALING JUDGE/STEPHEN F. BELDEN'S RULING OVERRULING THE PLAINTIFF'S MOTION TO (RESCUSE) [SIC] THESE (2) MAGISTRATES: TARYN L. HEATH, AND LEMUEL R. GREEN. FURTHER ERROR IN ALLOWING THE MAGISTRATE/GREEN'S (02-10-98), TO STAND AS GREEN'S FINDING STATES THAT ON (02-10-98) THE PLAINTIFF/THOMAS L. ROBINSON DID APPEAR IN COURT. WHEN IN FACT, AT THE SAME TIME PLAINTIFF/THOMAS L. ROBINSON, WAS IN ATTENDANCE FOR THERAPY AT THE TIMKEN MEDICAL MERCY HOSPITAL. IN DOING SO IN NOT ALLOWING THE APPEAL TO BE FILED AND RULED UPON, THESE JUDGES AND MAGISTRATES TOOK THE LAW INTO THEIR OWN, HANDS. HIGHLY PREJUDICIAL AGAINST THE BLACK PLAINTIFF-APPELLANT/THOMAS L. ROBINSON.
 I
The crux of appellant's first assignment of error is the trial court erred in overruling his Motion to Disqualify Magistrate Green.
Former R.C. 2937.20 provided a procedure for the removal of a municipal court judge or magistrate.[3] However, this statute was repealed and renumbered through the enactment of S.B. No. 263. R.C. 2701.031, which became effective November 20, 1996, reads, in part:
 (A) If a judge of a municipal or county court allegedly is interested in a proceeding pending before the judge, allegedly is related to or has a bias or prejudice for or against a party to a proceeding pending before the judge or to a party's counsel, or allegedly otherwise is disqualified to preside in a proceeding pending before the judge, any party to the proceeding or the party's counsel may file an affidavit of disqualification with the clerk of court in which the proceeding is pending.
(Emphasis added).
With the enactment of S.B. No. 263, the legislature revoked the statutory right to seek disqualification of a municipal court magistrate. Appellant does not identify any legal authority for the removal or disqualification of a magistrate. Our research has been equally fruitless. Accordingly, we believe the removal of a magistrate should be left to the sound discretion of the judge referring the matter to the magistrate. We find the record does not support a conclusion the trial court abused its discretion in overruling appellant's motion to disqualify Magistrate Green.
Appellant's first assignment of error is overruled.
 II
In his second assignment of error, appellant raises two issues. First, appellant maintains it was error for Magistrate Green to proceed with the hearing when an appeal was pending. Second, appellant contends the trial court erred in adopting and approving Magistrate Green's report because, appellant did not appear at the hearing.
With respect the first part of appellant's second assignment of error, we note appellant filed a notice of appeal relative to the trial court's rulings on appellees' motion for continuance and his motions for disqualification. The granting or denial of a motion for a continuance is not a final, appealable order. General Elec. Supply Co. v. Warden Elc., Inc.
(1988), 38 Ohio St.3d 378, syllabus. Additionally, the denial of a motion to disqualify is not a final, appealable order. Inre: Kimbler (1988), 44 Ohio App.3d 9. At the time appellant filed his notice of appeal, the rulings from which he was appealing were interlocutory and not final, appealable orders. As such, we find the magistrate did not err in proceeding with the February 10, 1998 hearing.
With respect to appellant's assertion Magistrate Green erroneously found he appeared in court at the February 10, 1998 hearing, we note appellant failed to provide this Court with a transcript of the hearing.
When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm. Knapp v. EdwardsLab. (1980), 61 Ohio St.2d 197. Because appellant has failed to provide this Court with those portions of the transcript necessary for resolution of the assigned error, i.e. the transcript of the February 10, 1998 small claims hearing, we must presume the regularity of the proceedings below and affirm, pursuant to the directive set forth above in Knapp,supra.
Although appellant has attached a correspondence from the Mercy Medical Center Physical Therapy Department indicating he was attending physical therapy on the day and at the time of hearing, such correspondence is not in the trial court record and, as such, this Court may not consider it. Because the record does not affirmatively demonstrate appellant's assertion he was not in attendance at the hearing, we find the trial court did not err in adopting and approving the magistrate's report which included a finding to the contrary.
Although appellant does not set forth an assignment of error relative to the trial court's January 22, 1998 Judgment Entry granting appellees' motion for continuance, appellant's notice of appeal included this judgment entry. Accordingly, in the interest of justice, we find it necessary to rule upon the propriety of that decision.
The grant or denial of a continuance is a matter entrusted to the broad, sound discretion of the trial court. State v. Unger
(1981), 67 Ohio St.2d 65. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217.
Appellees' request for an continuance was premised upon their counsel's unavailability on the day of the originally scheduled hearing. Based upon the reason for appellees' request for a continuance, we find the trial court did not abuse its discretion in so granting.
Appellant's second assignment of error is overruled.
The judgment entries of the Canton Municipal Court are affirmed.
By: Hoffman, J., Gwin, P.J. and Reader, J. concur
--------------------
--------------------
 -------------------- JUDGES
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Canton Municipal Court is affirmed. Costs assessed to appellant.
--------------------
--------------------
 -------------------- JUDGES
[1] Appellees did not file a brief to this Court.
[2] Counsel explained in her motion she had a mediation scheduled on the same day as the trial.
[3] Former R.C. 2937.20 read, in part:
 When a magistrate or a judge of a court inferior to the court of common pleas is interested in a cause pending before the magistrate or judge, is related to or has a bias or prejudice either for or against a party to a cause pending before the magistrate or judge or to a party's counsel, or is otherwise disqualified to sit in a cause pending before the magistrate or judge, on filing of an affidavit of such party or counsel, setting forth the fact of that interest, relationship, bias, prejudice, or disqualification, * * * (Emphasis added).