PETITION FOR WRIT OF PROHIBITION
In his complaint in prohibition, relator avers that he was charged in Cleveland V. Novak, Cleveland Mun. Court Case No. 95 CRB 19316, with housing court violations. The presiding and administrative judge of the court of common pleas transferred Case No. 95 CR3 19316 to the Lakewood Municipal Court due to the recusal of the housing court judge. The case is now known asCleveland v. Novak, Lakewood Mun. Court Case No. 97 B 1347.
Relator complains that the charging instrument filed in Case No. 95 CRB 19316 is defective and, that the transfer to the Lakewood, Municipal Court was contrary to law. Relator contends, therefore, that respondent judge of the Lakewood Municipal Court lacks jurisdiction to hear the housing court matter. Relator requests that this court issue a writ of prohibition preventing respondent from proceeding in Cleveland v. Novak, Lakewood Mun. Court Case No. 97 B 1347.
The parties have filed disposition motions. By separate entries, we have:
 1) granted respondent's motion to dismiss which was converted to a motion for summary judgment ("respondent's motion for summary judgment")
 2) treated relator's motion to dismiss respondent's motion for summary judgment as a brief in opposition and denied relator's request that this court vacate its entry converting respondent's motion to dismiss to a motion for summary judgment;
 3) denied relator's motion for summary judgment; and
 4) overruled relator's application for alternative writ as moot.
The reasons for our decision follow.
Relator contends that the complaint filed in Case No. 95 CRB 19316 is insufficient.
 In essence, the Relator argues in his "Complaint in Prohibition" that because the alleged "Complaint" in the underlying case neither bears the name of any city, state, county or a date of issuance (pursuant to the mandates of O.R.C. 007.01), that the originating process of law (the alleged "Complaint" in the underlying case) is void since it is impossible to determine if competent personal or subject matter [jurisdiction] existed in any court at any time, therefore, no court could ever acquire competent personal or subject matter jurisdiction — nor could the Relator be found guilty of any violation of law since the prosecution could never prove that any law he may be charged with violating existed on the non-existent date of issuance of the alleged "Complaint." For the reasons stated above, the Relator contends that the Respondent has usurped jurisdiction in the underlying case.
Relator's Motion to Dismiss Respondent's "Motion for Summary Judgment," at 2. (Capitalization in original.)
Relator's assertion that the charging instrument filed in Case No. 95 CR3 19316 is defective does not provide a basis for relief in prohibition.
The principles governing prohibition are well established. Its requisites are (1) the respondent against whom it is sought is about to exercise judicial power, (2) the exercise of such power is unauthorized by law, and (3) there is no adequate remedy at law. State ex rel. Largent v Fisher (1989), 43 Ohio St.3d 160,540 N.E.2d 239. Furthermore, if a petitioner had an adequate remedy, relief in prohibition is precluded, even if the remedy was not used. State ex rel. Lesher v. Kainrad (1981), 65 Ohio St.2d 68,417 N.E.2d 1382, certiorari denied (1981),454 U.S. 845; Cf. State ex rel. Sibarco Corp. v. City of Berea (1966),7 Ohio St.2d 85, 218 N.E.2d 428, certiorari denied (1967),386 U.S. 957. Prohibition will not lie unless it clearly appears that the court has no jurisdiction of the cause which it is attempting to adjudicate or the court is about to exceed its jurisdiction.State ex rel. Ellis v. McCabe (1941), 138 Ohio St. 417,35 N.E.2d 571, paragraph three of the syllabus. "The writ will not issue to prevent an erroneous judgment, or to serve the purpose of appeal, or to correct mistakes of the lower court in deciding questions within its jurisdiction." State ex rel. Sparto v. Juvenile Courtof Darke County (1950), 153 Ohio St. 64, 65, 90 N.E.2d 598. Furthermore, it should be used with great caution and not issue in a doubtful case. State ex rel. Merion v. Tuscarawas Cty. Courtof Common Pleas (1940), 137 Ohio St. 273, 28 N.E.2d 273; Reiss v.Columbus Municipal Court (App. 1956) 76 Ohio Law Abs. 141, 145 N.E.2d 447.
Nevertheless, when a court is patently and unambiguously without jurisdiction to act whatsoever, the availability or adequacy of a remedy is immaterial to the issuance of a writ of prohibition. State ex rel. Tilford v. Crush (1988), 39 Ohio St.3d 174,529 N.E.2d 1245 and State ex rel. Csank v. Jaffe (1995),107 Ohio App.3d 387. However, absent such a patent and unambiguous lack of jurisdiction, a court having general jurisdiction of the subject matter of an action has authority to determine its own jurisdiction. A party challenging the court's jurisdiction has an adequate remedy at law via appeal from the court's holding that it has jurisdiction. State ex rel. Rootstown Local SchoolDistrict Board of Education v. Portage County Court of CommonPleas (1997), 78 Ohio St.3d 489, 678 N.E.2d 1365 and State ex rel. Bradford v. Trumbull County Court (1992), 64 Ohio St.3d 502,597 N.E.2d 116.
State ex rel. Wright v. Griffin (July 1, 1999), Cuyahoga App. No. 76299, unreported, at 5-7.
Relator asserts that respondent is patently and unambiguously without jurisdiction to hear Case No. 97 B 1347 because the charging instrument fails to comply with R.C. 7.01, which provides:
 Process shall be under the seal of the court from which it issues, shall be styled "The State of Ohio, _____ County," shall be signed by the clerk of such court, and shall bear the date of the day it actually is issued.
Yet, Section 5 (B), Article II, Ohio Constitution provides, in part:
 The supreme court shall prescribe rules governing practice and procedure in all courts of the state, which rules shall not abridge, enlarge, or modify any substantive right. * * *. All laws in conflict with such rules shall be of no further force or effect after such rules have taken effect.
Crim.R. 3 provides:
 The complaint is a written statement of the essential facts constituting the offense charged. It shall also state the numerical designation of the applicable statute or ordinance. It shall be made upon oath before any person authorized by law to administer oaths.
This court has not been able to identify any authority indicating whether Crim.R. 3 supersedes R.C. 7.01. Nevertheless, the Supreme Court of Ohio has held that Rules of Criminal Procedure do supersede other statutory provisions regulating procedural matters. See, e.g., State v. Greer (1988), 39 Ohio St.3d 236,530 N.E.2d 382, paragraph 2 of the syllabus (R.C.2945.21 (A) (2) is of no further force or effect because it is a law in conflict with Crim.R. 24 (C) regarding the number of peremptory challenges to jurors); State v. Brown (1988), 38 Ohio St.3d 305,528 N.E.2d 523, paragraph 1 of the syllabus (Crim.R. 6 (A) controls the number of grand jurors needed to issue an indictment and supersedes R.C. 2939.02 and 2939.20). See alsoBedford v. Tolbert (Apr. 9, 1998), Cuyahoga App. No. 72439, unreported, appeal dismissed (1998), 83 Ohio St.3d 1416 [Case No. 98-1160] (Crim.R. 45 (A) controls the method of computing time and supersedes R.C. 1.14; citing State v. Tate (1979), 59 Ohio St.2d 50,391 N.E.2d 738).
Obviously, Crim.R. 3 does not require that a complaint include the specific items with respect to which relator contends the complaint in Case No. 95 CR3 19316 is deficient.
 A complaint is legally sufficient when it states all of the essential elements of the offense, such that the complaint provides the defendant with reasonable notice of the nature of the offense. State v. Sweeney (1991), 72 Ohio App.3d 404.
Brecksville v. Marchetti (Nov. 22, 1995), Cuyahoga App. Nos. 67719 and 67722, unreported, appeal dismissed (1996), 76 Ohio St.3d 1404
[Case No. 96-257].
The general assembly has not revised R.C. 7.01 since it became effective in 1953. The criminal rules, however, became effective in 1973. For purposes of this original action, we need not decide whether the complaint in Case No. 95 CR3 19316 complies with R.C.7.01. Rather, we need only observe that Section 5 (3), ArticleII, Ohio Constitution and Marchetti, supra, are not consistent with relator's position that respondent is patently and unambiguously without jurisdiction in Case No. 97 B 1347.
Furthermore, relator acknowledges that he has filed a motion in Case No. 97 B 1347 challenging respondent's jurisdiction to hear that case. Complaint, at 2. As noted above, "a court having general jurisdiction of the subject matter of an action has authority to determine its own jurisdiction." Wright, supra. As a consequence, respondent has the authority to determine whether he has jurisdiction to hear Case No. 97 B 1347 and relator may appeal that determination. See, e.g., State ex rel.Charron-Krofta v. Corrigan (Oct. 12, 1995), Cuyahoga App. No. 69434, unreported, at 8. Clearly, relator has an adequate remedy in the ordinary course of the law by way of appeal if he is dissatisfied with the disposition of Case No. 97 B 1347. See State ex rel.Adler v. Court (1980), 61 Ohio St.2d 1, 398 N.E.2d 787
(prohibition does not lie to prevent enforcement of purportedly erroneous judgment denying relator's motion to dismiss indictment; relator has an adequate remedy by way of appeal). It is noteworthy that the authorities cited above regarding the conflict between a rule and a statute all arose through appeals rather than original actions. That is, in the exercise of its appellate jurisdiction, this court could review relator's jurisdictional challenge and have the benefit of the entire record in Case Nos. 95 CR3 19316 and 97 B 1347.
Relator has not brought to this court's attention any authority holding that R.C. 7.01 would be controlling or that the purported defects in the complaint filed in Case No. 95 CR3 19316 deprive respondent of jurisdiction in Case No. 97 B 1347. He has not, therefore, established that relief in prohibition is appropriate.
Likewise, relator's assertion that the transfer of Case No. 95 CRB 19316 to the Lakewood Municipal Court was contrary to law does not provide a basis for relief in prohibition. Relator acknowledges that he filed an "Affidavit of Bias, Prejudice and Incompetence" against the judge of the Housing Division of the Cleveland Municipal Court. Relator's Motion to Dismiss Respondent's "Motion for Summary Judgment," at 7. See also Respondent's Motion for Summary Judgment, Exh. C (motion for continuance filed by relator on July 8, 1997 in Case No. 95 CR3 19316).
In respondent's motion for summary judgment, respondent argues that R.C. 2701.031 authorized the transfer of Case No. 95 CRB 19316 to respondent. Relator observes, however, that the journal entry issued by the presiding judge of the Court of Common Pleas for Cuyahoga County indicates that the transfer was made pursuant to R.C. 2937.20. Relator's Motion to Dismiss Respondent's "Motion for Summary Judgment," Exh. "Order."
Effective November 20, 1996, R.C. 2937.20 was renumbered as R.C. 2701.031. R.C. 2701.031 governs affidavits of disqualification filed on or after the effective date. Section 3, S.B. No. 263, 146 Ohio Laws. R.C. 2701.031 (E) authorizes the presiding judge of the court of common pleas to "issue an entry that disqualifies the judge against whom the affidavit was filed from presiding in the proceeding and designate another judge of the municipal * * * court * * * to preside in the proceeding in place of the disqualified judge." We cannot, therefore, conclude that respondent is patently and unambiguously without jurisdiction in Case No. 97 B 1347 solely because the order by the court of common pleas contains a dated reference to R.C. 2937.20. Likewise, we cannot conclude that respondent's continuing to act in Case No. 97 B 1347 is unauthorized by law. Additionally, other appellate districts have held that, although an order issued under former R.C. 2937.20 was not final and appealable, a party could challenge the propriety of that order on appeal of the underlying case. See In Re Kimbler (1988),44 Ohio App.3d 9, 10-11, 540 N.E.2d 756 [Medina, 9th Dist.];State ex rel. Pierce v. West (May 17, 1990), Franklin App. No. 89AP-1467, unreported [10th Dist.].
Relator has challenged the sufficiency of the complaint filed in Case No. 95 CR3 19316 and the propriety of the transfer of Case No. 95 CR3 19316 to the Lakewood Municipal Court as Case No. 97 B 1347. He has not, however, demonstrated that respondent is. patently and unambiguously without jurisdiction to proceed in Case No. 97 B 1347. He has also not demonstrated that respondent's continuing to exercise jurisdiction is unauthorized by law. Relator also has an adequate remedy by way of appeal.
Accordingly, respondent's motion for summary judgment is granted and relator's motion for summary judgment is denied. Relator to pay costs.
Writ denied.
LEO M. SPELLACY, P.J., AND KENNETH A. ROCCO, J., CONCUR.
 _________________________ JAMES D. SWEENEY, JUDGE