[Cite as *State v. Bonner*, 2014-Ohio-3870.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**GEAUGA COUNTY, OHIO**

| | | |
|---|---|---|
| STATE OF OHIO, | : | **MEMORANDUM OPINION** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2014-G-3202** |
| SHERRY L. BONNER, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Chardon Municipal Court, Case No. 2014 CR A 00132.

Judgment: Appeal dismissed.

*James M. Gillette,* Chardon Village Law Director, PNC Bank Building, 117 South Street, #208, Chardon, OH 44024 (For Plaintiff-Appellee).

*Sherry L. Bonner,* pro se, 11293 Chardon Road, Chardon, OH 44024 (Defendant-Appellant).

THOMAS R. WRIGHT, J.

{¶1} On April 22, 2014, appellant, Sherry L. Bonner, pro se, filed a notice of appeal from a March 27, 2014 judgment entry of the Chardon Municipal Court. In that judgment entry, the trial court denied appellant's "Affidavit of Disqualification of Stupica."

{¶2} R.C. 2505.02 defines the types of orders that constitute a final appealable order:

{¶3} "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

{¶4} "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;

{¶5} "(3) An order that vacates or sets aside a judgment or grants a new trial;

{¶6} "(4) An order that or denies a provisional remedy and to which both of the following apply:

{¶7} "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

{¶8} "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

{¶9} "(5) An order that determines that an action may or may not be maintained as a class action; * * *."

{¶10} In regard to criminal cases, pursuant to R.C. 2953.02, a court of appeals only possesses jurisdiction to hear an appeal if it is from a "judgment or final order." Furthermore, the Supreme Court of Ohio has stated that "in a criminal case there must be a sentence which constitutes a judgment or a final order which amounts 'to a disposition of the cause' before there is a basis for appeal." *State v. Chamberlain*, 177 Ohio St. 104, 106-107(1964).

{¶11} An order denying the disqualification of a judge has been held not to be a final appealable order. *See In re Disqualification of Kimbler,* 44 Ohio App.3d 9 (9th Dist.1988).

{¶12} In the present case, there is nothing in the record of this case which reflects that appellant has been convicted or sentenced in her criminal case. In fact, after the notice of appeal was filed, the case was bound over to the court of common pleas, which is where it remains pending. Since there is no sentence in which appellant can appeal at this time, we lack jurisdiction over this matter.

{¶13} Accordingly, this appeal is hereby, sua sponte, dismissed for lack of jurisdiction.


TIMOTHY P. CANNON, P.J.,

COLLEEN MARY O'TOOLE, J.,

concur.