WHITE, APPELLANT, *v.* HICKS, APPELLEE; PAULINO, JUDGE, APPELLANT.*

(No. 560—Decided December 5, 1961.)

*Motion to certify the record overruled, November 21, 1962. Appeal dismissed, 174 Ohio St., 102.

Mr. *James C. Warren*, for plaintiff-appellant.
Mr. *Phillip J. Cantagallo*, for appellee.
Mr. *Tom R. Bailey*, for appellant Herc Paulino, Judge.

Brown, P. J. The style of this case is Orson White, plaintiff, v. Vernon Hicks, defendant. The case arose in the Municipal Court of the city of Ashtabula, Ohio. An affidavit of prejudice filed in the case by defendant Hicks pursuant to Section 2937.20, Revised Code, was heard by the Presiding Judge of the Court of Common Pleas of Ashtabula County, who found the Municipal Court Judge in question to be disqualified.

From this order, journalized in that court, both the Municipal Court Judge and the plaintiff have appealed. The matter is before us upon motion to dismiss the appeals on the ground that the orders finding the Municipal Judge disqualified and refusing to state in writing separate conclusions of fact and law are not final appealable orders.

No appeal from an order of disqualification in a proceeding under Section 2937.20, Revised Code, is specifically authorized by the Constitution or laws of the state of Ohio.

*State* v. *Lindsey*, 77 Ohio App., 191, correctly holds that the Common Pleas Judge, in acting by authority of Section 2937.20, Revised Code, is acting as an inquisitor in the inferior court, and that his order there cannot be characterized as a final order or judgment in the Court of Common Pleas.

Appeals from the Municipal Court to the Court of Appeals are authorized by Section 1901.30, Revised Code, and, under that section, are directed to be made in accordance with Sec tions 2505.01 to 2505.39 (civil) and 2953.02 to 2953.14 (criminal), Revised Code. These sections (2505.02) would authorize review, affirmance, modification and reversal only if the orders have determined the action and prevented a judgment or were orders affecting a substantial right in a special proceeding.

The order of disqualification of a judge of a court inferior to the Court of Common Pleas, under Section 2937.20, Revised Code, is not a final order, does not prevent a judgment, and hence is not appealable.

The order of disqualification is not an order affecting a substantial right in a special proceeding and hence is not appealable.

In addition to the foregoing, the judge of the Municipal Court against whom prejudice and bias are asserted by affidavit is not a party and has no interest in the subject matter of the litigation in which the affidavit is filed, and hence has no right to appeal any order of disqualification.

Section 2315.22, Revised Code, requiring a court, upon request of a party, to separately state in writing the conclusions of fact found separately from the conclusions of law seems to this court to have no application to a proceeding under Section 2937.20, Revised Code, when the inquisitor in finding the presence or absence of the fact of bias or prejudice in the mind of the trial judge is determining and finding in writing the only factual question involved.

We are inclined to observe, although we need not do so, that the finding that bias or prejudice exists should not be considered an affront to the trial judge, and that such a finding could seldom, if ever, be considered to be prejudicial to the parties. When any question whatsoever arises as to the fairness and impartiality of the trial judge, doubts should be resolved in favor of the claim of prejudice.

Judge Zimmerman, in the majority opinion in *State, ex rel. Pratt,* v. *Weygandt, Chief Justice,* 164 Ohio St., 463, quoted, with approval, the following from *Haslam* v. *Morrison, Judge,* 113 Utah, 14, 190 P. (2d), 520:

" '* * * However, it is ordinarily better for a judge to disqualify himself even though he may be entirely free of bias and prejudice if either litigant files an affidavit of bias and prejudice.' "

Judge Taft, in a dissent in that same case made the following cogent observation by way of quotation from *Berger* v. *United States,* 255 U. S., 22, 65 L. Ed., 481, 41 S. Ct., 230:

" '* * * And in this there is no serious detriment to the administration of justice nor inconvenience worthy of mention, for *of what concern is it to a judge* to *preside in a particular case; of what concern to other parties to have him so preside?* * * *,' "

We are certain that the excellent trial judge will, on sober

reflection, conclude that no personal affront is intended by our holding, and that his able counsel will not believe we did not seriously consider his forceful arguments both oral and written.

For the reasons stated the motion to dismiss the appeals is sustained.

*Motion sustained.*

DONAHUE and GRIFFITH, JJ., concur.