[Cite as *State v. Rhoads*, 2011-Ohio-3023.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. 11-CA-14 |
| JONATHAN D. RHOADS | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Fairfield County Municipal
                             Court Case No. 10-TRC-13950

JUDGMENT:                    AFFIRMED

DATE OF JUDGMENT ENTRY:      June 13, 2011

APPEARANCES:

For Plaintiff-Appellee:                    For Defendant-Appellant:

MATTHEW B. WIDEMAN 0075118                 JAMES R. KINGSLEY 0010720
123 East Chestnut Street                   157 West Main Street
P.O. Box 1008                              Circleville, Ohio 43113
Lancaster, Ohio 43130

*Delaney, J.*

{¶1} Defendant-Appellant Jonathan Rhoads appeals the judgment of the Fairfield County Municipal Court, denying his appeal of an ALS suspension after he was arrested for Operating a Vehicle Under the Influence ("OVI") in violation of R.C. 4511.19. The State of Ohio is Plaintiff-Appellee.

{¶2} On December 21, 2010, Appellant was pulled over by the Ohio Highway Patrol for speeding. The trooper observed an odor of alcohol on Appellant and indicated on the BMV 2255 form that Appellant had glassy eyes. The trooper requested that Appellant exit his vehicle and asked Appellant to perform field sobriety tests. Appellant refused to complete any field sobriety tests and the trooper still noticed an odor of alcohol on Appellant's person.

{¶3} Appellant was arrested and transported to jail, where he was read the BMV 2255 form and he refused to submit a chemical test of his breath. He was placed under an administrative license suspension ("ALS").

{¶4} The next day, Appellant appeared in the Fairfield County Municipal Court for his initial appearance. He did not request a stay of the ALS or appeal it at that time. On January 10, 2011, Appellant requested a judicial review of the ALS and that request was granted and the case was set for an ALS appeal hearing on February 7, 2011. The hearing was conducted and the trial court overruled Appellant's appeal.

{¶5} On February 24, 2011, Appellant's counsel filed an affidavit of disqualification of the municipal court judge. Disqualification was denied on March 11, 2011 by a judge of the court of common pleas, probate and juvenile division.

{¶6} Appellant now appeals to this Court and raises two Assignments of Error:

{¶7}    "I. DID THE TRIAL COURT COMMIT PREJUDICIAL ERROR WHEN IT OVERRULED DEFENDANT'S ALS APPEAL?

{¶8}    "II. WAS IT PREJUDICIAL ERROR FOR JUDGE HARRIS TO PRESIDE?"

I.

{¶9}    In his first assignment of error, Appellant argues that the trial court erred in overruling his ALS appeal.  We disagree.

{¶10}  The Ohio Supreme Court has held an appeal of an ALS suspension is a civil matter; see *State v. Williams* (1996), 76 Ohio St.3d 290, 667 N.E.2d 932. For this reason, we apply the standard set forth in *C.E. Morris Company v. Foley Construction Company* (1978), 54 Ohio St.2d 279, 376 N.E.2d 578. A civil judgment which is supported by competent and credible evidence may not be reversed as against the manifest weight of the evidence. This Court may not substitute its judgment for that of the trial court.  *Myers v. Garson* (1993), 66 Ohio St.3d 610, 614 N.E.2d 742.

{¶11}  Currently, when an offender is arrested on a charge of OVI, an arresting officer, acting on behalf of the Registrar of Motor Vehicles ("BMV"), is required to immediately seize the license of a driver under arrest for drunk driving who either refuses to submit to the designated chemical test [of blood, breath or urine] or submits to the designated chemical test and fails by testing over the statutory limit. R.C. 4511.191(B)(1). An administrative license suspension may range in duration from ninety days for an arrestee who fails a chemical test and has not been convicted within the preceding five years of a violation of R.C. 4511.19 (R.C. 4511.191(B)(1)) to five years for an arrestee who has refused three or more previous chemical tests within the preceding five years, R.C. 4511.191(B)(1). The ALS remains in effect at least until the

arrestee's initial appearance on the OVI charge, which must be held within five days of the arrest. R.C. 4511.191(D)(2).

{¶12} R.C. 4511.197 makes the granting of limited driving privileges during a suspension discretionary with the court. Appellant argues the trial court has a policy of never granting occupational driving privileges in a refusal case. See e.g., *State v. Crosier* (May 1, 1986), 5th Dist. No. 85AP12-092. Our standard of review is the abuse of discretion standard. *Crosier*, supra. In *Crosier*, this Court reviewed a trial court's admitted policy of not granting occupational privileges if there is a refusal to take a chemical test. This Court found a trial court must exercise its judgment, and abuses its discretion where it simply imposes a universal policy on every case before it. See also, *State v. Ritch* (September 21, 1999), 4th Dist. No. 99-CA-2634.

{¶13} The trial court was not dilatory in its disposition of the ALS appeal. Appellant failed to request a stay or appeal the suspension at his arraignment. It was not until eighteen days later that he filed an appeal of the ALS. The trial court set a hearing date which occurred twenty-eight days after Appellant filed his appeal. An appeal of an ALS suspension does not stay the suspension and the appeal may be continued, by motion of the parties or by the court. A continuance does not stay the suspension. R.C. 4511.197(A).

{¶14} Appellant's testimony at the ALS hearing, coupled with the BMV 2255 form, formed a sufficient basis for the trial court's decision to deny driving privileges and to refuse to dismiss the ALS. There is simply no credible evidence before us that the trial court universally denies all ALS appeals or that it never grants driving privileges on a case where a defendant refuses to submit to testing.

{¶15} Accordingly, we do not find that the trial court abused its discretion in denying the dismissal of the ALS or in holding the hearing on the ALS appeal within 28 days of the filing of the appeal by Appellant.

{¶16} Appellant's first assignment of error is overruled.

II.

{¶17} In his second assignment of error, Appellant challenges the denial of his motion for disqualification of the municipal court judge. Such a challenge cannot properly be brought before this Court.

{¶18} No appeal from an order of disqualification in a proceeding under R.C. 2937.20 is specifically authorized by the Constitution or laws of the state of Ohio. *White v. Hicks* (1961), 118 Ohio App. 56, 57, 193 N.E.2d 193.

{¶19} A common pleas judge, in acting by authority of R.C. 2937.20, is acting as an inquisitor in the inferior court, and his order there cannot be characterized as a final order or judgment in the Court of Common Pleas. *State v. Lindsey* (1945), 77 Ohio App. 191, 66 N.E.2d 256.

{¶20} "Appeals from the Municipal Court to the Court of Appeals are authorized by Section 1901.30, Revised Code, and, under that section, are directed to be made in accordance with Sections 2505.01 to 2505.39 (civil) and 2953.02 to 2953.14 (criminal), Revised Code. These sections (2505.02) would authorize review, affirmance, modification and reversal only if the orders have determined the action and prevented a judgment or were orders affecting a substantial right in a special proceeding.

{¶21} "The order of disqualification of a judge of a court inferior to the Court of Common Pleas, under Section 2937.20, Revised Code, is not a final order, does not

prevent a judgment, and hence is not appealable." *Hicks*, supra; see also *In re Kimbler* (1988) 44 Ohio App.3d 9, 540 N.E.2d 756.

{¶22} Accordingly, this Court has no authority to render a decision with regard to disqualification or to void a trial court's judgment on the basis of personal bias or prejudice on the part of the trial judge. See also, *State v. Hunter*, 151 Ohio App.3d 276, 783 N.E.2nd 991, 2002-Ohio-7326 (court of appeals has no authority to render a decision with regard to disqualification of municipal court judge)

{¶23} Appellant's second assignment of error is overruled.

{¶24} For the foregoing reasons, the judgment of the Fairfield County Municipal Court is affirmed.

By: Delaney, J.

Gwin, P.J. and

Farmer, J. concur.

HON. PATRICIA A. DELANEY

HON. W. SCOTT GWIN

HON. SHEILA G. FARMER

[Cite as *State v. Rhoads*, 2011-Ohio-3023.]

IN THE COURT OF APPEALS FOR FAIRFIELD COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| JONATHAN D. RHOADS | : | |
| | : | |
| Defendant-Appellant | : | Case No. 11-CA-14 |
| | : | |

For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Fairfield County Municipal Court is affirmed. Costs assessed to Appellant.

_____
HON. PATRICIA A. DELANEY


_____
HON. W. SCOTT GWIN


_____
HON. SHEILA G. FARMER