[Cite as *State v. Brown*, 2013-Ohio-4981.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY

STATE OF OHIO,                                :

    Plaintiff-Appellee,                     :        CASE NO.   CA2013-04-029

    - vs -                                          :        O P I N I O N
                                                          11/12/2013

                                                    :

COLIN BROWN,                               :

    Defendant-Appellant.               :


CRIMINAL APPEAL FROM CLERMONT COUNTY MUNICIPAL COURT
Case No. 13TRC738


D. Vincent Faris, Clermont County Prosecuting Attorney, Judith A. Brant, 76 South Riverside Drive, 2nd Floor, Batavia, Ohio 45103, for plaintiff-appellee

Joseph B. Suhre IV, 1014 Vine Street, Suite 2525, Cincinnati, Ohio 45202, for defendant-appellant


**HENDRICKSON, P.J.**

{¶ 1}   Defendant-appellant, Colin Brown, appeals the judgment of the Clermont County Municipal Court denying his appeal of an administrative license suspension imposed after his arrest for operating a motor vehicle while under the influence of alcohol.  For the reasons stated below, we reverse the decision of the trial court.

{¶ 2}   On January 11, 2013, appellant was arrested for operating a vehicle while

under the influence of alcohol or a drug of abuse. Appellant was transferred to a police station where he submitted to a breath test. The result of the test indicated that appellant had a blood alcohol level of 0.000. Appellant then agreed to submit to a urine test. Appellant drank several glasses of water, attempted to provide a urine specimen four or five times, but did not produce a sample. Appellant's license was then seized and administratively suspended for a refusal to submit to a chemical test.

{¶ 3} Appellant appealed the administrative suspension to the Clermont County Municipal Court. At the hearing on the appeal, appellant's sole witness, Officer Davila, testified that he arrested appellant and administered the breath and urine tests. Officer Davila agreed that it appeared appellant "was not refusing the urine specimen" but "simply could not provide it." He stated that appellant "consumed quite a bit of water * * * I don't know how he couldn't. I mean, it was very apparent to me that he was trying but just could not produce." Subsequently, the municipal court denied appellant's appeal. The court reasoned that appellant did not meet his burden of proof to show he did not refuse the test. The court stated that because appellant did not testify, he failed to show why he could not produce a sample.

{¶ 4} Appellant now appeals, raising a sole assignment of error:

{¶ 5} THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S APPEAL OF THE IMPROPERLY IMPOSED ADMINISTRATIVE LICENSE SUSPENSION.

{¶ 6} Appellant argues the court erred when it affirmed the administrative suspension of his driver's license. Specifically, he challenges the court's application of a subjective standard instead of an objective standard to determine whether he "refused" to take the chemical test. Appellant asserts the evidence presented at trial established that a reasonable person in the position of the requesting officer would believe that appellant did not "refuse" the test but instead was unable to complete it. Therefore, the continuation of the

license suspension was in error.

{¶ 7} Our review of a trial court's continuation of an administrative license suspension is under a manifest-weight-of-the-evidence standard. *State v. Rhoads*, 5th Dist. Fairfield No. 11-CA-14, 2011-Ohio-3023, ¶ 10. An appellate court weighs the evidence and all reasonable inferences, considers the credibility of witnesses, and determines whether in resolving conflicts in the evidence, the finder of fact "clearly lost its way and created such a manifest miscarriage of justice that the [judgment] must be reversed and a new trial ordered." *Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, ¶ 20.

{¶ 8} If a person under arrest for operating a vehicle while intoxicated or impaired refuses to submit to a chemical test, the arresting officer, acting on behalf of the Registrar of Motor Vehicles, must seize the operator's license and immediately administratively suspend the driver's operating privileges. R.C. 4511.192(D)(1). An operator may appeal the administrative suspension of his or her driver's license to the court having jurisdiction over the charge. R.C. 4511.197(B). The scope of this appeal is limited to determining whether one or more certain conditions, such as refusal, were not met. *Id.* at (C). On appeal, the licensee has the burden of showing that one of these conditions was not satisfied by a preponderance of the evidence. R.C. 4511.197(D); *State v. Huffman*, 6th Dist. Wood No. WD-05-007, 2005-Ohio-6005, ¶ 8.

{¶ 9} "[A] refusal to submit to a chemical test of the blood, breath or urine will occur where a person, by his acts, words or general conduct, manifests an unwillingness to submit to the test." *Hoban v. Rice*, 25 Ohio St.2d 111 (1971), paragraph three of the syllabus. In establishing that he did not refuse to submit to a chemical test, a licensee may present evidence that he was physically incapable of completing the test. *Andrews v. Turner*, 52 Ohio St.2d 31 (1977), paragraph three of the syllabus. "It is not a refusal if a person is unable to perform the requested act." *State v. Williams*, 6th Dist. Ottawa No. OT-03-020,

2004-Ohio-2453, ¶ 12, quoting *Hoffer-Hodge v. Caltridge*, 2d Dist. Montgomery No. 17162, 1998 WL 906479 (Dec. 31, 1998). *See Andrews* at fn. 6.

{¶ 10} Whether or not a driver refused a test is a factual determination that is to be made by the trial court based upon all of the evidence before it. *State v. Owen*, 12th Dist. Warren No. CA97-12-229, 1998 WL 729204, *5 (Oct. 19, 1998). A person's refusal to submit to a chemical test occurs whenever a preponderance of the evidence demonstrates that such person's conduct provides justification for a reasonable requesting officer to believe that the person was capable of refusing the test and displayed an unwillingness to submit to the test. *Andrews* at paragraph one of the syllabus.

{¶ 11} A trial court's determination of a refusal must "be based upon an objective standard, not a subjective standard." *Hoban v. Rice*, 25 Ohio St.2d 111, 117 (1971). "The subjective state of mind of the licensee cannot control the outcome of the proceedings, and a police officer is not required to know the state of mind of the person arrested * * *." *Id.*

{¶ 12} The trial court's decision that appellant refused to submit to the urine test was against the manifest weight of the evidence. The only evidence submitted at the hearing was the testimony of Officer Davila who specifically stated appellant did not refuse to submit to the test but instead was unable to provide a specimen. Officer Davila testified that appellant agreed to take the urine test, attempted to provide a sample several times, and drank multiple glasses of water. Additionally, appellant cooperated with the officer's request for a breath test. It is apparent that appellant's acts, words, and general conduct did not manifest an unwillingness to submit to the test. The evidence showed that appellant did not refuse the test but instead was physically incapable of completing the test.

{¶ 13} In affirming the license suspension, the trial court stated that appellant did not meet his burden of proof to show that he did not refuse the test because he failed to testify. The court reasoned that urination is controlled internally and Officer Davila cannot testify

- 4 -

about appellant's internal functions. However, a trial court's determination of refusal is based on an objective standard and not a subjective one. Therefore, the fact that appellant did not testify to explain why he did not urinate was not determinative of the proceedings. Instead, the court should look to whether the preponderance of the evidence demonstrated that a reasonable requesting officer would believe that appellant did not display an unwillingness to submit to the test. In this case, the evidence demonstrated that appellant was not unwilling to submit to the test.

{¶ 14} Appellant's sole assignment of error is sustained.

{¶ 15} The trial court's judgment is reversed and appellant's administrative license suspension is hereby vacated.

S. POWELL and RINGLAND, JJ., concur.